UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES TYLER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-05-3520 |
| § | |
| M/V LYKES NAVIGATOR, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff filed his complaint in this case on October 13, 2005. Between October 28, 2005 and November 8, 2005, Plaintiff attempted to serve Defendants with process by sending copies of the summons and Complaint, via certified mail, to various law firms in Texas and Louisiana. No appearances had then or have now been entered on behalf of Defendants.

Service upon an individual within a judicial district of the United States may be effected through personal service upon that individual, upon a person of suitable age and discretion residing at the individual's usual place of abode, or upon the individual's authorized agent; or pursuant to the law of the state in which the district court is located or in which service is effected. FED. R. CIV. P. 4(e). Service upon a domestic corporation or association may be effected pursuant to the law of the forum or of the state in which service is effected. FED. R. CIV. P. 4(h)(1). Service upon a foreign corporation may be effected pursuant to any internationally agreed means reasonably calculated to give notice of the suit. FED. R. CIV. P. 4(f)(1), 4(h)(2). Service upon any individual, corporation, or association, whether domestic or foreign, must be made within 120 days of the filing of the Complaint. FED. R. CIV. P. 4(m).

Defendant M/V Lykes Navigator is alleged to be a vessel sailing under the flag of the United States. Defendant Lykes Line Ltd., L.L.C. is alleged to be a Delaware corporation with its headquarters in Florida. The other four Defendants – C.P. Ships Netherlands B.V., Damco (Netherlands) B.V., Europe Cargo d.v.b.a., and Cementnatie – are alleged to be foreign corporations with foreign headquarters. Plaintiff appears to have attempted to serve Defendants through their registered agents but has provided the Court with no evidence that the law firms served are, in fact, registered as agents of the Defendants.

In addition, although Texas law permits service by certified mail, *see* TEX. R. CIV. P. 106(a)(2), this type of service may not be effected by a party to the suit. *See P&H Transp., Inc. v. Robinson*, 930 S.W.2d 857, (Tex. App. – Houston [1 Dist.] Aug. 30, 1996, pet. denied) ("We hold service by mail may be made not only by the clerk but also by other authorized persons."); TEX. R. CIV. P. 103:

> Process . . . may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court. . . . But no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . .

The Court finds, therefore, that service was not properly effected upon those Defendants upon whom Plaintiff attempted to serve process via their Texas agents, because (1) process was not served by an authorized person; and (2) Plaintiff has not demonstrated that the persons served are the registered agents for Defendants.

Louisiana law does not authorize service via certified mail under any circumstances. *See* LA. CODE CIV. PROC. ANN. art. 1231 (2005) ("Service of citation or other process may be either personal or domiciliary . . . ."); *id.* art. 1234 ("Domiciliary

2

service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment."); *id.* art. 1235(A) (Service is made on a person who is represented by another . . . through personal or domiciliary service on such representative."); *id.* art. 1235(B) ("Service on an attorney, as a representative of a client, is proper when the attorney's secretary is served in the attorney's office."). Moreover, only a sheriff or a person appointed by the Court may effect service in Louisiana. *See id.* art. 1291; *id.* art. 1293. Thus, the Court finds that service was not properly effected upon the Defendant upon whom Plaintiff attempted to serve process through a Louisiana representative, because (1) service was not effected through proper means; (2) service was not effected by an authorized person; and (3) Plaintiff has not demonstrated that the person served is the registered agent of Defendant.

Pursuant to FED. R. CIV. P. 4(m), the Court may, in its discretion and upon a finding of improper service, direct that service be effected within a specified time. Accordingly, the Court hereby **ORDERS** Plaintiff to effect proper service upon Defendants within thirty (30) days of the issuance of this Memorandum and Order. Proof of service shall be filed with the Court within thirty (30) days of the date of service and must be accompanied by an affidavit of the person effecting service, if that person is not a United States marshal or deputy United States Marshal. *See* FED. R. CIV. P. 4(l). If service is made upon an agent of any Defendant, Plaintiff must provide evidence of the agency relationship.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 8th day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**